**LAW OFFICES OF CATHARINE KROGER-DIAMOND**
**A PROFESSIONAL CORPORATION**
CATHARINE E. KROGER-DIAMOND, SBN 93265
CHRISTIAN HAFFNER, SBN 248962
TIMOTHY T. MORGAN, SBN 280054
POINSETTIA VILLAGE
7220 AVENIDA ENCINAS, SUITE 203
CARLSBAD, CA 92011
(760) 931-2900
FAX (760) 931-2904

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANA STEPHENSON, <br><br> Plaintiff, <br><br> v. <br><br> BAHIA STERNWHEELERS, INC.; PARTY NAKED LLC; and DOES 1 to 50, <br><br> Defendants. | Case No. **'15CV0571 BTM JLB** <br><br> **COMPLAINT FOR PERSONAL INJURIES PURSUANT TO GENERAL MARITIME LAW OF THE UNITED STATES OF AMERICA** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff GIANA STEPHENSON, who at all times relevant herein is a citizen of the United States of America and resident of Oceanside, California, who had contracted with the Defendants and respectfully shows that:

### JURISDICTION AND VENUE

1. This is a case of Admiralty and Maritime Jurisdiction and is a claim within the meaning of F.R.C.P. 9(h). Admiralty and Maritime Jurisdiction is based upon 28 U.S.C. Section 1331 and 28 U.S.C. Section 1333. The location of the incident was navigable waters, San Diego Bay, and the incident occurred in connection with

1

traditional maritime activity. Defendant BAHIA STERNWHEELERS, INC. owned and was operating a boat on Mission Bay. Defendant PARTY NAKED LLC was operating a boat on Mission Bay.

2. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. section 1391. Defendant BAHIA STERNWHEELERS, INC. is a California Corporation with a principal place of business in San Diego, California. Defendant BAHIA STERNWHEELERS, INC.'s vessel, the William D. Evans, is a vessel with a hailing port of San Diego, California. Defendant PARTY NAKED, LLC is a California Corporation with a principal place of business in San Diego, California. The incident occurred on navigable waters in San Diego Bay, San Diego, California.

## PARTIES

3. Plaintiff GIANA STEPHENSON (hereinafter "PLAINTIFF"), resident of Oceanside, California, was assaulted by a passenger while on board Defendant's vessel, William D. Evans, on or about March 13, 2014, on Mission Bay, a navigable waterway, and sues for damages resulting from her injuries. At all times mentioned herein, PLAINTIFF was a contract passenger and invitee upon Defendants' vessel, William D. Evans, within the intendment of the General Maritime law and/or Admiralty law.

4. Defendant BAHIA STERNWHEELERS, INC. (hereinafter "DEFENDANT BAHIA STERNWHEELERS"), a California Corporation, owner and operator of the William D. Evans, a ship registered in San Diego, California, whose address is 998 West Mission Bay Drive, San Diego, California 92109, whose agent for service of process is Grace Evans Cherashore, whose address is 998 West Mission Bay Drive, San Diego, California 92019;

5. Defendant PARTY NAKED LLC (hereinafter "DEFENDANT PARTY NAKED"), a California Corporation, operator of the Williams D. Evans, a ship registered in San Diego, California, whose address is 1804 Garnet Avenue, #434, San Diego,

California 92109, whose agent for service of process is Kevin McLaughlin, whose address is 745 Isthmus Court, Apartment B, San Diego, California 92109.

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 50 and therefore sues these Defendants by such fictitious names. Leave will be sought to amend the Complaint when the true identities of the Doe Defendants are known.

## ALLEGATIONS COMMON TO ALL CLAIMS AND MADE A PART OF ALL CLAIMS

7. PLAINTIFF believes, and thereon alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and PLAINTIFF'S injuries and damages as herein alleged are directly, proximately and legally caused by said Defendants.

8. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, servant, representative or employee of each of the remaining Defendants, and was acting with the consent, permission, or approval of each of their Co-Defendants in doing the things alleged herein.

9. At all times mentioned herein Defendants' vessel, William D. Evans, was traveling in navigable waters in Mission Bay, in San Diego, California, when Plaintiff was injured.

10. At all times mentioned herein, the Defendants' vessel was on a cruise which as advertised began in Mission Bay, in San Diego, California.

11. On or about March 13, 2014, at approximately 12:00 midnight, Plaintiff GIANA STEPHENSON, was a passenger of Defendants' vessel, William D. Evans, by virtue of a contract. At said date and time, PLAINTIFF was standing on the second level deck of the vessel when she was struck in the face by a clearly intoxicated passenger of Defendants' vessel. As a result, Plaintiff sustained injuries.

COMPLAINT FOR PERSONAL INJURIES

## FIRST CLAIM: (IN NEGLIGENCE, FOR PERSONAL INJURY, AGAINST DEFENDANTS UNDER FEDERAL MARITIME AND ADMIRALY LAW)

12. PLAINTIFF incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

13. That Defendants were the employers of security personnel working on Defendants' vessel, William D. Evans, on or about March 13, 2014, at approximately 12:00 midnight, the time of PLAINTIFF's incident.

14. That Defendants' unknown security personnel were unfit and incompetent to perform work as security personnel in that said security personnel, including but not limited to, failed to properly control, manage, and eject a clearly intoxicated passenger of Defendants' vessel by allowing said passenger to remain on said vessel.

15. That Defendants', including but not limited to, negligently hired, retained, supervised, and trained its security personnel on how to perform their job properly, including but not limited to, maintaining a safe environment for passengers of Defendants' vessel and how to properly manage, control and eject a clearly intoxicated passenger of said vessel.

16. That Defendants' negligently owned, operated, maintained, managed, controlled, designed, constructed and supervised the subject vessel upon which PLAINTIFF was harmed.

17. That Defendants' were negligent in the use and maintenance of said vessel upon which PLAINTIFF was harmed, in failing to have adequate policies and procedures in place to manage and control the crowd and ensure the safety of its patrons by allowing a dangerous condition, a clearly intoxicated patron, to remain on the premises of Defendants' vessel.

18. As a direct and proximate result of the negligence of Defendants', including but not limited to, in hiring, retaining, failing to supervise and failing to properly train its security personnel, PLAINTIFF was struck in the side of her head by a clearly intoxicated passenger of Defendants' vessel. As a result, PLAINTIFF was injured

in her health, strength, and body, all of which have caused and continue to cause great physical pain and suffered. PLAINTIFF sustained injuries, including but not limited to, head, neck, face, and jaw injuries, all of which prevented PLAINTIFF from carrying on her usual activities.

19. As a further direct and proximate result of Defendants' negligence, PLAINTIFF was required to seek the assistance of physicians, surgeons, nurses, and dentist to examine, treat and care for her, causing her to incur additional medical expenses for hospital, medical, dental bills and other incident expenses in an amount to be established at trial. PLAINTIFF is informed and believes, and based on such information and belief, that she will incur additional medical expenses in an amount unknown at this time. Plaintiff has also suffered physical and emotional pain and suffering.

20. The direct and proximate cause of the above-described incident was the fault, want of care, attention and skill, negligence and inadvertence of the crew and employees of the Defendants, acting in the course and scope of their employment, aboard the Defendants' vessel its crew, servants or agents either individually or concurrently in the following non-exclusive respects:

    A.    Breach of a legally imposed duty of reasonable care owed by the Defendants to PLAINTIFF;

    B.    Failure to provide a reasonably safe place to walk, stand, dance or engage in activities aboard the ship;

    C.    Failure to provide a vessel with a competent crew, employees and captain;

    D.    Failure to take precautions for the safety of passengers or others aboard Defendants' vessel;

    E.    Failure to properly train and supervise the crew and/or employees of Defendants' vessel;

    F.    Failing to act as required by the directions of the captain and/or supervisor of Defendants' vessel, so as to deprive Plaintiff of the full array

of protection owed her by Defendants, thereby creating, enhancing and/or maintaining an undue risk of harm after notice which caused injury to Plaintiff;

G. Failing to use a safe means of monitoring passengers onboard the vessel and being available to warn and assist Plaintiff and other passengers.

H. Defendants negligently hired, retained, supervised, and trained their security personnel on how to perform their job properly, including but not limited to, maintaining a safe environment for passengers of Defendants' vessel and how to properly manage, control and eject a clearly intoxicated passenger on said vessel.

I. Defendants negligently owned, operated, maintained, managed, controlled, designed, constructed and supervised the vessel upon which Plaintiff was harmed.

J. Defendants were negligent in the use and maintenance of said vessel on which Plaintiff was harmed, in failing to, including but not limited to, have adequate policies and procedures in place to manage and control the crowd and ensure the safety of its passengers by allowing a dangerous condition, including but not limited to, a clearly intoxicated passenger, to remain on Defendants' vessel.

K. In failing to warn and protect Plaintiff, as she engaged in reasonable activities aboard Defendants' vessel at the time was unreasonably dangerous to do so because of the clearly intoxicated passenger and lack of personnel aboard the Defendants' vessel.

L. In allowing the second deck of the vessel to be unreasonably dangerous in failing to properly monitor the area and assist Plaintiff in her activities aboard the Defendants vessel.

M. Allowing and/or encouraging passengers to engage in activities that expose and created an unreasonably dangerous environment, thus

6

presenting an unreasonable risk of harm in regards to the matter of control of the environment where passengers were permitted to stand.

21. Defendants' negligence was a substantial factor in causing PLAINTIFF'S harm.

WHEREFORE, PLAINTIFF prays for damages against all Defendants in reasonable amounts consistent with proof at trial as follows:

1. General damages according to proof at the time of trial.
2. For special damages according to proof at the time of trial.
3. For costs of suit and attorneys' fees.
4. For such other and further relief as the Court deems just and proper.

DATED: March 12, 2015       Law Offices of Catharine Kroger-Diamond
                            A Professional Corporation


                            /s/_____
                            Catharine Kroger-Diamond
                            Attorney for Plaintiff,
                            GIANA STEPHENSON

COMPLAINT FOR PERSONAL INJURIES